Slip Op. 07 - 178

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | **Before: MUSGRAVE, Senior Judge** |
| : | |
| NATIONAL SEMICONDUCTOR : | Court No. 03-00223 |
| CORPORATION, : | |
| : | |
| Defendant. : | |
| : | |

[On remand from appellate court, judgment, of a monetary penalty in the amount of $250,840.21 plus prejudgment interest, entered for the government.]

Decided: December 12, 2007

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General; *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice (*Stephen C. Tosini*), and Office of the Chief Counsel, U.S. Customs and Border Protection (*Martha Toy Wong*), of counsel, for the plaintiff.

*Whiteley & Cooper* (*Robert Scott Whiteley* and *Craig A. Mitchell*), for the defendant.

**OPINION**

Familiarity with salient facts and prior decisions on this matter is here presumed. The appellate opinion ruled that this court "erred in reaching beyond the penalty provision of 19 U.S.C. § 1592(c)(4) to award compensatory interest under 19 U.S.C. § 1505(c)" and therefore vacated the judgment with remand "to determine (i) the appropriate penalty due under section 1592(c)(4) in the absence of a compensatory interest award and (ii) whether prejudgment interest may be awarded on that penalty." *United States v. National Semiconductor Corp.*, 496 F.3d 1354, 1355 (Fed. Cir. 2007).

Court No. 03-00223                                                                                                  Page 2

In the wake thereof, this court advised the parties to brief their interpretations of the appellate decision and on proceeding at this stage.

I

The court begins its analysis of the *Complex Machine Works*[1] factors from a clean slate. *See United States v. Menard Inc.*, 17 CIT 1229, 1230 (1993). Of the fourteen factors already considered, the only one directly displaced by the appellate decision was whether the party sought to be protected by the statute is elsewhere adequately compensated for the harm. This court had previously found that consideration of that factor deserved the heaviest weighting in light of the possibility of full time-value compensation pursuant to section 1505(c).

The defendant argues that properly giving more weight to deterrence than compensation pursuant to a *de novo Complex Machine Works* analysis must place the defendant in the lowest range of potential penalties. The government argues that altogether ignoring the factor of whether it has been adequately compensated for the harm done does not follow from the appellate decision. It maintains that an interest-only penalty is a form of mitigation in its own right and there is no need to reduce the penalty due to NSC's compliance efforts. Due the appellate decision, the court agrees that the government is not adequately compensated for the harm elsewhere, and therefore this factor does not support mitigation.

One facet of this civil interest-only penalty is a form of compensation, akin to liquidated damages. *Cf. One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232 (1972) (describing monetary penalty of 19 U.S.C. § 1497 as a form of liquidated damages). The court had

---

[1] *United States v. Complex Machine Works Co.*, 23 CIT 942, 83 F.Supp.2d 1307 (1999).

Court No. 03-00223 Page 3

previously considered the *Complex Machine Works* factor of deterrence in light of the fact that "deterrence" was commensurate with the court's finding that the government was, or could be, at the time, adequately compensated by other means. Because of such other compensation, the court was previously "unpersuaded that a 'maximum' civil penalty, in addition to payment of interest compensating the government, would further the policy of deterrence behind the imposition of customs penalties." *United States v. National Semiconductor Corp.*, Slip Op. 06-90 at 13 (CIT June 16, 2007). Unquestionably, however, an aim of monetary penalties is to deter. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167 (2000); *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, 899 F.2d 1171 (Fed. Cir. 1990). In this instance, since the government is no longer to be adequately compensated by other means, and the "penalty" here merely amounts to the amount of interest on the underpaid amount of the merchandise processing fees from the date of liquidation, a monetary penalty of less than the full amount authorized by law would not serve the policy of deterrence but would rather leave what amounts to, in effect, the interest earned on an "unauthorized loan" (the underpaid MPFs) in the hands of the defendant and encourage non-compliance. Further, as the court previously agreed, the interest-only penalty for a voluntary disclosure is a form of mitigation in its own right and already takes into account a defendant's good-faith attempt to comply with its legal obligations. Slip Op. 06-90 at 5.

The defendant nonetheless argues that for the court to accede to the government's demand for the full interest penalty allowable by statute, the court would be punishing negligence at the same level as one who committed a violation with actual knowledge of or reckless disregard for one's obligations under the statute. The defendant argues that it would be legal error for the court to

Court No. 03-00223                                                                                          Page 4

"conflate" merely negligent and grossly negligent violations "interchangeably." This argument is absurd and directly contradicts the statute's plain language. *See* 19 U.S.C. § 1592(c)(4)(B). In essence, the defendant argues for a ruling that would effectively preclude the maximum punishment permitted by law for the voluntary disclosure of a negligent violation of section 1592(a).

In addition, the defendant also argues against any "application" of the recent decision *United States v. Ford Motor Co.*, 463 F.3d 1267 (Fed. Cir. 2007) on the ground that the case did not involve a voluntary disclosure. In this regard, the defendant argues that the "appellate court held that the trial court's decision to impose the maximum penalty was, under these circumstances [in *Ford*], within its discretion." *Cf.* Def.'s Resp. to Pl.'s Comments on the Court's Order ("DRPC") at 5. If the inference from the argument is that because these are not those circumstances, this court has no discretion but must mitigate any "maximum" voluntary disclosure interest-only penalty, the inference must be rejected.

As observed in *Ford*, it is hard to imagine a situation in which a defendant could not "find refuge in at least one potentially mitigating factor," 463 F.3d at 1286, and it is the totality of the *Complex Machine Works* factors that determine whether mitigation is appropriate. Although there are some factors here which may be regarded as favoring mitigation, the court concludes that on balance the *Complex Machine Works* factors considered as a whole counsel against mitigation. Thus, and in accordance with the appellate decision, judgment will be awarded to the government in the form of a monetary penalty against the defendant in the amount of $250,840.21.

II

The government also seeks prejudgment interest on the amount of the monetary penalty. The defendant opposes award of prejudgment interest, noting that it has only been awarded in the past in connection with 19 U.S.C. § 1592(d) demands for unpaid duties and/or for liquidated damages. DRPC at 8 (referencing *United States v. Yuchius Morality Co., Ltd.*, 26 CIT 1224 (2002); *United States v. Jac Natori Co.. Ltd.*, 22 CIT 1101 (1998); *United States v. Reul*, 14 CIT 661 (1999); *United States v. Bealey*, 14 CIT 670 (1990); *United States v. American Motorists Ins. Co.*, 11 CIT 944, 680 F.Supp. 1569 (1987); *United States v. Imperial Food Imports*, 11 CIT 254, 660 F.Supp. 958 (1987); *United States v. Goodman*, 6 CIT 132, 572 F.Supp. 1284 (1983) ). That may be so, but the argument does not preclude a first-impression award of pre-judgement interest in an action grounded solely upon 19 U.S.C. § 1592(c)(4).

The award of prejudgment interest is within the court's discretion. *See*, *e.g.*, *United States v. Reul*, 959 F.2d 1572 (1992). A caveat is that prejudgment interest may not be awarded on damages that are considered punitive. *E.g.*, *id*. at 1578; *United States v. Imperial Food Imports*, 834 F.2d 1013 (Fed. Cir. 1987); *Underwater Devices v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983) (purpose of prejudgment interest to make party whole, not penalize).

In this instance, as noted, the monetary penalty is not designed to be punitive, it is a compensatory form of liquidated damages. *See* 24 *Williston on Contracts* § 65:3 (4th ed.). *Cf. One Lot Emerald Cut Stones and One Ring v. United States*, *supra*, 409 U.S. 232 (considering monetary penalty of 19 U.S.C. § 1497); *Reul*, 959 F.2d at 1578; *American Motorists*, 11 CIT at 947, 680 F.Supp. at 1572 (liquidated damages are not penalties but are compensatory in nature).

Court No. 03-00223                                                                                                           Page 6

The defendant argues that prejudgment interest cannot be awarded where the amount of damages is uncertain, and it argues that in this matter the damages were uncertain because the interest-only penalty is awarded based upon a sliding scale that necessarily awaited the exercise of the court's discretion. The argument is without merit, however. To the extent contract law has any application on the point – and the court is not persuaded that it does – it may be true, generally speaking, that "damages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty," Restatement (Second) of Contracts § 352 (1981), but in this instance the amount claimed by the government was certain. As with any damage claim, the defendant had the right to dispute both the government's claim and the amount in a court of law, but the fact that the amount is disputed until all is said and done does not make the ultimate amount awarded uncertain. Otherwise, the award of prejudgment interest would never be appropriate in any dispute; the bar "merely excludes those elements of loss that cannot be proved with reasonable certainty." *Id*. The amount owed in this instance was readily ascertainable.

The purpose of prejudgment interest is to put the prevailing party in as nearly a good position as it would have been had there not been a duty breached. *Underwater Devices*, *supra*, 717 F.2d at 1389. "Prejudgment interest serves to compensate for the loss of the use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to address." *Princess Cruises, Inc. v. United States*, 397 F.3d 1358, 1367 (Fed. Cir. 2005) (internal quotations and attribution omitted). It "is an element of complete compensation." *West Virginia v. United States*, 479 U.S. 305, 310 (1987).

In this instance, the injury that element is intended to address arose from the defendant's violation of 19 U.S.C. § 1592(a). The government argues that "award" of prejudgment interest is

Court No. 03-00223                                                                                                    Page 7

appropriate because it demonstrated at trial that the defendant in effect paid the principal amount owed but remains indebted to the extent that the government has, to date, remained deprived of the time-value of the funds demanded in its 1592(c)(4) notice to the defendant. Pl.'s Response to Court's Order at 10 (referencing, *inter alia*, *Ins. Co. of N. Am. v. United States*, 951 F.2d 1244, 1247 (Fed. Cir. 1991) (awarding prejudgment interest to government because surety "in effect, took for itself a loan on funds due the [g]overnment" after the latter demanded payment) & *United States v. Imperial Food Imports*, *supra* 834 F.2d at 1060 (nonpayment of estimated duties "would amount to an interest-free loan of the money owing to the [g]overnment from the due dates for payment until recovery" and that "as a matter of equity and fairness, the United States should be compensated for the loss of the use of the money due")). The court agrees, noting that prejudgment interest in this matter would amount to an award of interest on the interest. *Cf.* 19 C.F.R. § 24.3a(b)(4)(C)(ii) ("[i]f duties, taxes, fees, and interest are not paid in full within the applicable period specified in [19 C.F.R. §] 24.3(e), any unpaid balance shall be considered delinquent and shall bear interest until the full balance is paid"). Prejudgment interest shall therefore be included in the judgment, to be assessed from the date of Customs' penalty demand notices to the defendant. *Cf. United States v. Monza Automobili*, 12 CIT 239, 241, 683 F.Supp. 818, 820 (1988) (observing that the date of Custom's payment demand fixed the certainty of liquidated damages and noting the inappropriateness award of prejudgment interest prior to such date).

                                                    /s/  R. Kenton Musgrave
                                                    R. KENTON MUSGRAVE, SENIOR JUDGE

Dated: December 12, 2007
       New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NATIONAL SEMICONDUCTOR CORPORATION,<br><br>　　　　　　　　　Defendant. | **Before: MUSGRAVE, Senior Judge**<br><br>Court No. 03-00223 |

### JUDGMENT

The appellate court having vacated this Court's previous judgment, and this action having been remanded and again duly submitted for decision, and the Court, after due deliberation, having rendered a decision herein; now, therefore, in conformity with said decision, it is

**ORDERED** that judgment in the amount of a monetary penalty of $250,840.21, pursuant to 19 U.S.C. § 1592(c)(4), be, and it hereby is, awarded against the defendant and in favor of the United States; and it is further

**ORDERED** that prejudgment interest be, and it hereby is, awarded against the defendant and in favor of the United States from the date of the penalty notices to the defendant, stated in the Complaint to have been February 15, 2001.

　　　　　　　　　　　　　　　　　　　　　　　/s/  R. Kenton Musgrave　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　R. KENTON MUSGRAVE, SENIOR JUDGE

Dated: December 12, 2007
　　　New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____     By: _____
                                        Deputy Clerk